**KENTUCKY BAR ASSOCIATION,**
**Complainant,**

v.

**David O. WELCH, Respondent.**

**No. 2004–SC–0166–KB.**

Supreme Court of Kentucky.

April 22, 2004.

As Amended May 20, 2004.

### OPINION AND ORDER

Complainant, the Kentucky Bar Association (KBA), asks this Court to issue a public reprimand against Respondent, David O. Welch, of Ashland, Kentucky, for violating SCR 3.130–1.3. Welch has not filed a notice for review. After careful review of the record, we grant the KBA's motion and issue the reprimand.

### *Charge*

On January 11, 1991, Larry Conley contacted Welch about representing his mother, Martha Conley, who had been injured when she slipped and fell at a Hill's Department Store in Russell, Kentucky. After meeting with Mrs. Conley and her husband, Welch agreed to the representation.

After preparing a complaint in the case, Welch learned that Hill's had filed for bankruptcy protection. He was thus stayed from pursing the claim in court. On February 4, 1991, Welch, however, did file a copy of the complaint in the bankruptcy court in connection with filing a proof of claim against Hill's.

Hill's plan of reorganization was confirmed on September 10, 1993, and the automatic stay was lifted on October 4, 1993. Welch was notified by letter on November 8, 1993, that the stay had been lifted and that he could now pursue the Conleys' claim against Hill's. The last contact Welch had with the Hill's attorney assigned to the case was sometime in 1996.

At some time during 1998, the Conleys contacted the KBA's Client Assistance Program. About a year later, Welch met with the Conleys and discussed settling the case for around $38,000.00. The Conleys rejected the settlement proposal.

Apparently no more was done on the case and Mrs. Conley filed a bar complaint with the KBA. The case was referred to the Client Assistance Program. As a result, a meeting was scheduled between Welch and the Conleys, but the meeting was never held due to Respondent's wife's medical condition.

Welch answered Mrs. Conley's bar complaint on July 27, 2000.

The Inquiry Commission filed a one-count charge against Welch on December 4, 2001, which Welch answered on January 2, 2002.

Welch's defense to the charge was that he did not file a complaint in circuit court for the Conleys because his clients never authorized this action. But the defense was not relevant to the Board of Governors' finding that Welch failed to advise the Conleys about the running of the statute of limitations on their claim. On that basis, the Board found that Welch failed to proceed with reasonable diligence and promptness in representing the Conleys in violation of SCR 3.130–1.3.

The above facts support the Board's finding that Welch violated SCR 3.130–1.3. Therefore, we order that:

1. Respondent, David O. Welch, be and hereby is publicly reprimanded for his violation of SCR 3.130–1.3; and

2. Welch, in accordance with SCR 3.450, is directed to pay all costs associated with these disciplinary proceedings against him, said sum being $752.34, and for which

execution may issue from this Court upon finality of this Opinion and Order.

All concur.

Entered: April 22, 2004.

/s/ Joseph E. Lambert
CHIEF JUSTICE